IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


GAYLE BOUZIGARD, et al.,

|  |  |  |
|---|---|---|
|  | Plaintiffs, | Case No. 1:11 dp 23104 |
| -vs- |  |  |
|  |  | MEMORANDUM OPINION |

MARK STARRING AND ASSOCIATES, INC.,
et al.,

                                        Defendants.

KATZ, J.

        The Administrators of the Tulane Educational Fund, doing business as the Tulane

University School of Medicine, and University Healthcare System, L.C., doing business as

Tulane University Hospital and Clinic (Defendants), have moved to dismiss the complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. Nos. 22, 25).  Plaintiffs have filed

responses (Doc. Nos. 23, 26), and the Administrators have filed a reply.  (Doc. No. 24).

## I.  Jurisdiction

        The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II.  Facts

        On August 16, 2011, Plaintiffs filed this action for damages against the Defendants,

among others, in the Civil District Court for the Parish of Orleans, Louisiana.  Plaintiff Morris

Bouzigard alleged that he underwent surgery for the implantation of a DePuy ASR hip device.

Plaintiffs asserted that the device was defective.  Plaintiff Gayle Bouzigard allegedly suffered

significant harm, loss of consortium, metal anguish, and emotional distress caused by her

husband's use of the device.  On September 9, 2011, the case was removed to the United States

District Court for the Eastern District of Louisiana.  Following removal, the case was transferred

to the undersigned by the Judicial Panel on Multidistrict Litigation.  *In re:  DePuy Orthopaedics,*

*Inc., ASR Hip Implant Prods. Liab. Litig.,* 1:10-md-2197 (N. D. Ohio).

The Defendants argue that Plaintiffs' complaint is premature as their claims are governed

by the Louisiana Medical Malpractice Act, La. Rev. Stat. § 40:1200.41 et seq.  Under the statute,

Plaintiffs must present their claims to a medical review panel prior to instituting a lawsuit.  To

date, the Defendants state that the Plaintiffs have failed to comply with the process before the

medical review panel.  The Defendants assert that under Louisiana law, an individual is

prohibited from filing a cause of action in any court until after the medical review panel has

rendered its decision.

### III.  Motion to Dismiss Standard

Under Rule 12(b)(6), the Court construes the record in the light most favorable to the

non-moving party, accepting all well-pleaded factual allegations as true.  *Terry v. Tyson Farms,*

*Inc.*, 604 F.3d 272, 274 (6th Cir. 2010).  While a complaint will survive a motion to dismiss if it

contains "either direct or inferential allegations respecting all material elements" necessary for

recovery under a viable legal theory, this Court "need not accept as true legal conclusions or

unwarranted factual inferences, and conclusory allegations."  *Id*. at 275–76 (citation and internal

quotation marks omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do.*"  Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

alterations omitted).  Rather, "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

2

**IV.  Discussion**

Because this case is before the Court based upon its diversity jurisdiction under § 1332, the Court must apply the state substantive laws of Louisiana.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Erie RR. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009).  In discussing the requirements to bring a cause of action against medical entities such as these Defendants, the court in *Santiago v. Tulane Univ. Hosp. & Clinic*, 115 So.3d 675, 681 (La. Ct. App. 2013), stated:

> Medical malpractice actions against qualified healthcare providers are governed by special legislation.  *LeBreton v. Rabito*, 97–2221, p. 7 (La. 7/8/98), 714 So.2d 1226, 1229.  According to La. R.S. 40:1299.47(B)(1)(a)(I), in order to file a malpractice claim against a qualified provider, a plaintiff must first file a complaint with the PCF [Louisiana Patient's Compensation Fund and Oversight Board] requesting that the claim be submitted to a medical review panel for review.  This PCF action then suspends prescription against all parties named in the complaint and all joint and solidary obligors until ninety days following notification of the opinion to plaintiff's counsel under La. R.S. 40:1299.47(A)(2)(a).

The court noted that "La. R.S. 40:1299.47(B)(1)(a)(i) states: 'No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel'."  *Id*. at 681 n.8.

Plaintiffs contend that Louisiana's Medical Malpractice Act is not applicable to their case because they are alleging that the Defendants were bad faith sellers.  Plaintiffs argue that the Defendants acted in bad faith in selling the device and in failing to warn purchasers regarding problems with the product.  However, Plaintiffs' position that the statute is inapplicable has been rejected by the state courts of Louisiana.  *Rogers v. Synthes, Ltd.*, 626 So.2d 775, 777 (La. Ct. App. 1993).  Because the Plaintiffs have failed to comply with the administrative requirements of the Louisiana Medical Malpractice Act, Defendants' motions to dismiss are granted without

3

prejudice.

## V.  Conclusion

Accordingly, Plaintiffs' complaint against the Administrators of the Tulane Educational Fund, doing business as the Tulane University School of Medicine, and the University Healthcare System, L.C., doing business as Tulane University Hospital and Clinic, is dismissed without prejudice pursuant to Rule 12(b)(6).

IT IS SO ORDERED.

    _s/ David A. Katz_
DAVID A. KATZ
U. S. DISTRICT JUDGE

4